# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-802V
**Filed: October 28, 2015**

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| STEPHANIE PALMER, * | |
| * | Special Master Hamilton-Fieldman |
| Petitioner, * | |
| * | Joint Stipulation on Damages; |
| v. * | Influenza ("Flu") Vaccine; |
| * | Guillain-Barré Syndrome ("GBS"). |
| SECRETARY OF HEALTH * | |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * * * * * * | |

John A. Bush, Comstock & Bush, Boise, ID, for Petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, D.C., for Respondent.

## DECISION[1]

On November 20, 2012, Stephanie Palmer ("Petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2006). Petitioner alleged that an influenza ("flu") vaccination[3] administered on November 23, 2009 caused her to develop Guillain-Barré Syndrome ("GBS"). Petition ("Pet.") at 1-9.

On October 27, 2015, the parties filed a stipulation in which they state that a decision

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this decision on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] Petitioner received two vaccinations on the same date. Stipulation, ECF No. 46, at 1. The vaccine at issue here is the Fluarix vaccination, which is alleged in the Petition. Petition at 1.

should be entered awarding compensation. Stipulation, ECF No. 46. Respondent denies that the flu vaccine caused Petitioner's condition or any other injury. However, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that Petitioner shall receive the following compensation:

A. **A lump sum of $886,808.49, which amount represents compensation for first year life care expenses ($70,749.20), lost earnings ($557,940.39), pain and suffering ($250,000.00), and past reimbursable expenses ($8,118.90) in the form of a check payable to Petitioner;**

B. **A lump sum of $140,753.12, which amount represents reimbursement of a lien for services rendered on behalf of Petitioner, in the form of a check payable jointly to Petitioner and**

**HMS Idaho Recovery**
**5615 High Point Drive, Suite 100**
**Irving, TX 75038**
**Attn: Sadiyyah Brady**
**Case Number: 109020**

**Petitioner agrees to endorse this payment to the State of Idaho;**

C. **An amount sufficient to purchase the annuity contract described in paragraph 10 [of the Stipulation], paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").**

Stipulation ¶ 8.

The undersigned approves the requested amount for Petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/ Lisa Hamilton-Fieldman
Lisa Hamilton-Fieldman
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| STEPHANIE PALMER, Petitioner, v. SECRETARY OF HEALTH AND HUMAN SERVICES Respondent. | ) | No. 12-802V Special Master Hamilton-Fieldman ECF |

**STIPULATION**

The parties hereby stipulate to the following matters:

1. Stephanie Palmer, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received her influenza immunization on November 23, 2009.[1]

3. The vaccination was administered within the United States.

4. Petitioner alleges that she suffered Guillain-Barré Syndrome ("GBS") as a result of receiving the influenza vaccine.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

[1] Petitioner also received a monovalent H1N1 vaccination on November 23, 2009, which vaccine is not contained in the Table. The monovalent H1N1 vaccine is covered under the Countermeasures Injury Compensation Program ("CICP") See 42 U.S.C. 247d-6e; 77 Fed. Reg. 13329 (March 6, 2012).

6. Respondent denies that the influenza vaccine caused petitioner to suffer from GBS or any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a. A lump sum of $886,808.49, which amount represents compensation for first year life care expenses ($70,749.20), lost earnings ($557,940.39), pain and suffering ($250,000.00), and past unreimbursable expenses ($8,118.90) in the form of a check payable to petitioner;

b. A lump sum of $140,753.12, which amount represents reimbursement of a lien for services rendered on behalf of petitioner, in the form of a check payable jointly to petitioner and

HMS Idaho Recovery
5615 High Point Drive, Suite 100
Irving, TX 75038
Attn: Sadiyyah Brady
Case Number: 109020

Petitioner agrees to endorse this payment to the State of Idaho.

c. An amount sufficient to purchase the annuity contract described in paragraph 10 below, paid to the life insurance company from which the annuity will be purchased (the "Life Insurance Company").

9. The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve. The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

a. A.M. Best Company: A++, A+, A+g, A+p, A+r, or A+s;

b. Moody's Investor Service Claims Paying Rating: Aa3, Aa2, Aa1, or Aaa;

c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating: AA-, AA, AA+, or AAA;

d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating: AA-, AA, AA+, or AAA.

10. The Secretary of Health and Human Services agrees to purchase an annuity contract from the Life Insurance Company for the benefit of petitioner, Stephanie Palmer, pursuant to which the Life Insurance Company will agree to make payments periodically to petitioner as follows:

a. For future unreimbursable Medicare Part B Premium, and Medicare Part D expenses, beginning on the first anniversary of the date of judgment, an annual amount of $1,835.40 to be paid for the remainder of petitioner's life, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

b. For future unreimbursable Medicare Part B Deductible expenses, beginning on the first anniversary of the date of judgment, an annual amount of $147.00 to be paid up to the anniversary of the date of judgment in year 2047, increasing at the rate of five percent (5%), compounded annually from the date of judgment.

c. For future unreimbursable Medigap expenses, beginning on the first anniversary of the date of judgment, an annual amount of $2,379.84 to be paid up to the anniversary of the date of judgment in year 2047. Thereafter, beginning on the anniversary of the date of judgment in year 2047, an annual amount of $2,392.20 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of five percent (5%), compounded annually from the date of judgment.

d. For future unreimbursable Gym Membership, Theraband, and Home Gym Equipment expenses, beginning on the first anniversary of the date of judgment, an annual amount of $415.00 to be paid up to the anniversary of the date of judgment in year 2046. Then, on the anniversary of the date of judgment in year 2046, a lump sum of $395.00, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

e. For future unreimbursable Hand Held Shower, Shower Chair, Transfer Board, Urinal, Over Bed Table, Wheelchair Backpack, Roho Cushion and Gloves for Life expenses, beginning on the first anniversary of the date of judgment, an annual amount of $767.99 to be paid up to the anniversary of the date of judgment in year 2046. Thereafter, beginning on the anniversary of the date of judgment in year 2046, an annual amount of

$754.66 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

f. For future unreimbursable Stander expenses, on the anniversary of the date of judgment in year 2025, a lump sum of $5,325.00. Then, on the anniversary of the date of judgment in year 2040, a lump sum of $5,325.00. Thereafter, beginning on the anniversary of the date of judgment in year 2041, an annual amount of $355.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

g. For future unreimbursable Bedside Commode expenses, on the anniversary of the date of judgment in year 2046, a lump sum of $194.48. Thereafter, beginning on the anniversary of the date of judgment in year 2047, an annual amount of $38.90 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

h. For future unreimbursable Catheter, Glove, Wipe, Hand Sanitizer, Overnight Pad and Disposable Incontinence Pad expenses, beginning on the first anniversary of the date of judgment, an annual amount of $3,186.98 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

i. For future unreimbursable Disposable Incontinence Pad, Mattress Overlay and Mattress expenses, beginning on the first anniversary of the date of judgment, an annual amount of $118.33 to be paid for the remainder of petitioner's life, increasing at the rate of four percent (4%), compounded annually from the date of judgment.

j. For future unreimbursable Manual Wheelchair expenses, on the anniversary of the date of judgment in year 2019, a lump sum of $6,000.00. Then, on the anniversary of the date of judgment in year 2026, a lump sum of $6,000.00. Then, on the anniversary of the date of judgment in year 2033, a lump sum of $6,000.00. Then, on the anniversary of the date of judgment in year 2040, a lump sum of $6,000.00. Thereafter, beginning on the anniversary of the date of judgment in year 2041, an annual amount of $857.14 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

k. For future unreimbursable Power Assist for Manual Wheelchair expenses, on the anniversary of the date of judgment in year 2020, a lump sum of $7,500.00. Then, on the anniversary of the date of judgment in year 2025, a lump sum of $7,500.00. Then, on the anniversary of the date of judgment in year 2030, a lump sum of $7,500.00. Then, beginning on the anniversary of the date of judgment in year 2031, an annual amount of $1,500.00 to be paid up to the anniversary of the date of judgment in year 2046, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

l. For future unreimbursable Home Health Care expenses, beginning on the first anniversary of the date of judgment, an annual amount of $28,470.00 to be paid up to the anniversary of the date of judgment in year 2033. Then, beginning on the anniversary of the date of judgment in year 2033, an annual amount of $42,705.00 to be paid up to the anniversary of the date of judgment in year 2047. Thereafter, beginning on the anniversary of the date of judgment in year 2047, an annual amount of $56,940.00 to be paid for the remainder of petitioner's life, all amounts increasing at the rate of four percent (4%), compounded annually from the date of judgment.

At the sole discretion of the Secretary of Health and Human Services, the periodic payments set forth in paragraph 10 above may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth above describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment. Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Stephanie Palmer, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Stephanie Palmer's death.

11. The annuity contract will be owned solely and exclusively by the Secretary of Health and Human Services and will be purchased as soon as practicable following the entry of a judgment in conformity with this Stipulation. The parties stipulate and agree that the Secretary of Health and Human Services and the United States of America are not responsible for the payment of any sums other than the amounts set forth in paragraph 8 herein and the amounts awarded pursuant to paragraph 12 herein, and that they do not guarantee or insure any of the future annuity payments. Upon the purchase of the annuity contract, the Secretary of Health and Human Services and the United States of America are released from any and all obligations with respect to future annuity payments.

12. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to

42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

13. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

14. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 12 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

15. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation either immediately or as part of the annuity contract, will be used solely for petitioner's benefit as contemplated by a strict construction of 42 U.S.C. §§ 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. §§ 300aa-15(g) and (h).

16. In return for the payments described in paragraphs 8 and 12, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns –

(a) does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury

Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the influenza vaccination administered on November 23, 2009, as alleged by petitioner in a petition for vaccine compensation filed on or about November 20, 2012 in the United States Court of Federal Claims as petition No. 12-802V; and

(b) waives any and all rights to any compensation that may be available under the Countermeasures Injury Compensation Program, 42 U.S.C. § 247d-6e (or an action under 42 U.S.C. § 247d-6d(d)), for a claim alleging that a covered countermeasure, on its own or in combination with the influenza vaccination administered on November 23, 2009, caused the same injuries that were the subject of the petition for vaccine compensation filed on or about November 20, 2012, in the United States Court of Federal Claims as petition No. 12-802V, specifically GBS, for which petitioner will receive compensation pursuant to this Stipulation.

17. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

18. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

19. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 12 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated

and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

20. Petitioner hereby authorizes respondent to disclose documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

21. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the influenza vaccine caused petitioner's GBS, any other injury or her current condition.

22. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

**END OF STIPULATION**

/

/

/

/

/

/

/

/

/

Respectfully submitted,

**PETITIONER:**

STEPHANIE PALMER

**ATTORNEY OF RECORD FOR PETITIONER:**

JOHN A. BUSH, ESQ.
COMSTOCK & BUSH
199 N. Capitol, Ste. 500
PO Box 2774
Boise, ID 83701-2774
(208) 344-7700

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

CLAUDIA B. GANGI
Senior Trial Counsel
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4138

Dated: 10-27-15